# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DELBERT ALLAN PEDERSEN,

Defendant-Appellant.

UNPUBLISHED
September 10, 2015

No. 321605
Van Buren Circuit Court
LC No. 13-019043-FH

Before: BOONSTRA, P.J., and MURPHY and MARKEY, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of third-degree criminal sexual conduct (CSC-3), MCL 750.520d(1)(a), and fourth-degree criminal sexual conduct (CSC-4), MCL 750.520e(1)(a). The circuit court sentenced defendant to concurrent sentences of 50 months to 15 years' imprisonment for the CSC-3 conviction and one year imprisonment for the CSC-4 conviction. Defendant appeals as of right. We affirm.

The victim testified that he made a police report concerning defendant in March 2004. A few weeks earlier, defendant had paid the victim to clean his motor home. While the victim was inside the motor home washing the windows, defendant walked in. Defendant grabbed the victim and held him down. He put his hand down the victim's pants and touched the victim's penis. He then put his finger into the victim's anal opening. Defendant was not charged with any crime until August 2013, when he was charged with CSC-4.

## I. ARRAIGNMENT

Defendant argues that because he was never arraigned on the CSC-3 charge, the circuit court erred in failing to dismiss it. We review a trial court's decision on a motion to dismiss for an abuse of discretion. *People v Adams*, 232 Mich App 128, 132; 591 NW2d 44 (1998). An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes. *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). We review a trial court's findings of fact for clear error. *People v Bylsma*, 493 Mich 17, 26; 825 NW2d 543 (2012). "A ruling is clearly erroneous if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *Id.* (quotation omitted).

The court with trial jurisdiction over a defendant must arraign the defendant. MCR 6.113(A). There is no dispute that defendant, who was represented by an attorney, was not

-1-

arraigned by the circuit court. But, the circuit court was not required to arraign defendant. Pursuant to MCR 6.113(E), the Van Buren County Circuit Court adopted Administrative Order 2012-01J, which eliminated arraignments for defendants represented by an attorney and delineated other arrangements to give defendants a copy of the information.

There was a question, however, as to whether the prosecutor complied with the administrative order. Defendant claimed that the information the prosecutor gave him at the October 14, 2013 pretrial conference only included a charge of CSC-4. The circuit court did not clearly err in finding that the prosecutor provided defendant and defense counsel with a copy of the information that was filed on October 3, 2013, which included charges of CSC-3 and CSC-4, at the pretrial conference. *Bylsma*, 493 Mich at 26. Three documents are stapled together in the lower court record: (1) the information filed on October 3, 2013, (2) the information dated August 26, 2013 that only included a charge of CSC-4, and (3) a page with the signatures of defendant and defense counsel, which are dated October 14, 2013. Given that these three documents are stapled together, we are not left with a definite and firm conviction that the circuit court made a mistake in finding that defendant and defense counsel were provided a copy of the October 3, 2013 information. *Id.*

Even if the prosecutor did not give defendant and defense counsel a copy of the October 3, 2013 information at the pretrial conference, defendant has not shown that he was prejudiced. See MCL 769.26; *People v Nix*, 301 Mich App 195, 208; 836 NW2d 224 (2013). The purpose of an arraignment is to provide a defendant formal notice of the charges. *People v Waclawski*, 286 Mich App 634, 704; 780 NW2d 321 (2009). The record establishes that defendant had notice of the CSC-3 charge. Following the preliminary examination, the district court bound defendant over for trial on the CSC-4 charge, as well as an additional CSC-3 charge. The prosecutor filed the information on October 3, 2013 that contained charges of CSC-3 and CSC-4, and a copy of the information was mailed to defense counsel. At the hearing on defendant's motions, defendant made reference to the CSC-3 charge when the parties discussed what date constituted the date the information was "found and filed" for purposes of the limitations period. Additionally, the circuit court addressed whether the victim's testimony at the preliminary examination established the elements of CSC-3. After the hearing, on February 11, 2014, the prosecutor filed the amended information that contained charges of CSC-3 and CSC-4, and a copy of the amended information was mailed to defense counsel. Later, defendant included the CSC-3 jury instruction in his proposed jury instructions. At trial, defense counsel acknowledged receipt of the amended information and agreed that the parties were proceeding on that information. Under these circumstances, any error regarding defendant's being formally arraigned on the CSC-3 charge did not prejudice defendant. The circuit court did not abuse its discretion in denying defendant's motion to dismiss the CSC-3 charge. *Adams*, 232 Mich App at 132.

## II. STATUTE OF LIMITATIONS

Defendant argues that prosecution of the CSC-3 and CSC-4 charges was barred by the statute of limitations. We review de novo the interpretation and application of statutes. *Waclawski*, 286 Mich App at 645.

The general limitations period in a criminal case is six years. See MCL 767.24(7). But for criminal sexual conduct offenses, an indictment "may be found and filed within 10 years after the offense is committed or by the alleged victim's twenty-first birthday, whichever is later." MCL 767.24(3)(a). Defendant argues that MCL 767.24(3)(a) should not apply to the present case because the charges could have been filed within six years of the offenses.

The goal of statutory interpretation is to give effect to the intent of the Legislature. *People v Williams*, 288 Mich App 67, 70-71; 792 NW2d 384 (2010). We begin by examining the language of the statute. *Id.* at 71. If the language is unambiguous, we presume that the Legislature intended the meaning clearly expressed, and enforce the statute as written. *People v Haynes*, 281 Mich App 27, 29; 760 NW2d 283 (2008). Nothing may be read into an unambiguous statute that is not apparent from the manifest intent that the Legislature expressed in the words of the statute itself. *Id.* The language of MCL 767.24(3)(a) unambiguously provides that for CSC offenses, an indictment may be filed within 10 years after the offense is committed or by the alleged victim's twenty-first birthday. Accordingly, we must enforce the statute as written, and no exception to the 10-year limitations period may be read into the statute. Thus, the prosecution had 10 years after the offenses were committed to bring charges against defendant. Defendant's argument is without merit.

## III. PRE-ARREST DELAY

Defendant argues that he was denied his right to due process because of the pre-arrest delay. We review a trial court's decision on a motion to dismiss for an abuse of discretion, *Adams*, 232 Mich App at 132, and a trial court's findings of fact for clear error, *Bylsma*, 493 Mich at 26. We review de novo constitutional questions, *Waclawski*, 286 Mich App at 664, and the interpretation and application of statutes. *Id.* at 645.

Although statutes of limitations provide the primary protection against stale charges, a defendant's right to due process plays a limited role in protecting a defendant against oppressive prearrest delay. *United States v Lovasco*, 431 US 783, 789; 97 S Ct 2044; 52 L Ed 2d 752 (1977). Proof of prejudice "is generally a necessary but not sufficient" element of a due process claim; the reasons for the delay must also be considered. *Id.* This Court makes two inquires to determine whether prearrest delay requires dismissal of the charges. First, a defendant must demonstrate "actual and substantial prejudice to his right to a fair trial." *Adams*, 232 Mich App at 134 (quotations omitted). Proof of "actual" prejudice requires the defendant to show more than generalized allegations and speculative prejudice. *Id.* at 135. Proof of "substantial" prejudice requires the defendant to show that his ability to defend against the charges was so meaningfully impaired that the outcome of the proceedings was likely affected. *Id.* Second, once the defendant has demonstrated prejudice, the prosecutor must demonstrate that the reason for the delay justifies the prejudice. *Id.* at 134-135. In general, the prosecution must intend to gain a tactical advantage for a charge to be dismissed because of pre-arrest delay. *People v White*, 208 Mich App 126, 134; 527 NW2d 34 (1994).

Defendant claims that he suffered prejudice because the 2005 warrant denial form was destroyed. Defendant believes that the denial form contained exculpatory evidence because it explained why the prosecutor's office believed probable cause did not exist. But defendant acknowledged that warrant denial forms contain different amounts of information. It is unknown

what information was included in the 2005 warrant denial form. Any prejudice based on the destruction of the denial form is speculative. Defendant also claims that he suffered prejudice because he no longer has calendars or records from 2004 and because he no longer owns the motor home and could not provide pictures of it. These general claims of prejudice do not establish actual and substantial prejudice. *Adams*, 232 Mich App at 134.

Defendant further claims that he suffered prejudice because Sam DeLeo, the detective who was assigned to investigate the victim's allegations after the victim made his police report, is deceased. Quoting *United States v Rogers*, 118 F3d 466, 475 (CA 6, 1997), this Court opined:

> The death of a potential witness during the preindictment period may demonstrate the requisite prejudice if the defendant can demonstrate that exculpatory evidence was lost and could not be obtained through other means. . . . However, a defendant does not show actual prejudice if he has not given an indication of what the witness's testimony would have been and whether the substance of the testimony was otherwise available. [*Adams*, 232 Mich App at 136.]

According to defendant, the testimony of DeLeo was important because it was reasonable to conclude that between March 2004 and June 2005 DeLeo attempted to contact Christopher and Michael Wigglers, brothers whom the victim had mentioned to the officer who took his report. But there was no documentation of such attempts, and it is simply unknown whether DeLeo contacted the Wigglers brothers. And, if he did, there is no indication of what the brothers told him. Defendant has not shown that DeLeo's death resulted in the loss of exculpatory evidence; therefore, he has not shown actual and substantial prejudice from DeLeo's death.

The circuit court did not clearly err in finding that the pre-arrest delay was not the result of the prosecution's trying to gain a tactical advantage over defendant. *Bylsma*, 493 Mich at 26. The CSC-4 charge was authorized in August 2013 after the police received a report in June 2013 about defendant from D.K. Defendant, when subsequently interviewed, made some admissions about his conduct with D.K. The evidence of defendant's acts with D.K. was admissible under MCL 768.27a, which was passed by the Legislature in 2005 and became effective in 2006. See 2005 PA 135. Under MCL 768.27a, when a defendant is charged with committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible to prove that the defendant has a propensity to commit sex crimes against a minor. *People v Watkins*, 491 Mich 450, 470; 818 NW2d 296 (2012). Thus, when the CSC-4 charge was authorized in August 2013, the prosecutor had obtained new facts about defendant, and those facts were admissible under MCL 768.27a to prove defendant's propensity to commit the crimes alleged by the victim. Under these circumstances, we are not left with a definite and firm conviction that the circuit court made a mistake in finding that the delay was not deliberate or designed to gain a tactical advantage. *Bylsma*, 493 Mich at 26. The circuit court did not abuse its discretion in denying defendant's motion to dismiss based on pre-arrest delay.

Defendant also argues that the prosecutor violated MCL 767.40a because the prosecutor failed to provide assistance in locating the Wigglers brothers. Pursuant to MCL 767.40a(5), "[t]he prosecuting attorney or investigative law enforcement agency shall provide to the

defendant, or defense counsel, upon request, reasonable assistance, including investigative assistance, as may be necessary to locate and serve process upon a witness. . . ."

The circuit court did not clearly err in finding that defendant did not make a request for reasonable assistance in locating the Wigglers brothers. *Bylsma*, 493 Mich at 26. In his October 8, 2013 correspondence, defendant inquired whether the original investigating officers had attempted to contact the Wigglers brothers. In his October 11, 2013 correspondence, defendant asked for contact information for the brothers. In his correspondence, defendant never specifically requested assistance from the prosecutor in locating the Wigglers brothers. Defendant's argument that the prosecutor violated MCL 767.40a(5) is without merit.

## IV. OTHER ACTS EVIDENCE

Defendant argues that the circuit court made numerous errors in the admission of evidence regarding his other acts with M.P., a relative, and D.K. We review a trial court's evidentiary decisions for an abuse of discretion. *Unger*, 278 Mich App at 216.

As previously stated, under MCL 768.27a, when a defendant is charged with committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible to prove that the defendant has a propensity to commit sex crimes against a minor. *People v Watkins*, 491 Mich at 470. Evidence admissible under MCL 768.27a remains subject to MRE 403. *Id.* at 481. Under MRE 403, relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Our Supreme Court has directed that, "when applying MRE 403 to evidence admissible under MCL 768.27a, courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Watkins*, 491 Mich at 487. Nonetheless, certain considerations, including the following, could lead a trial court to exclude such evidence:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Id.* at 487-488.]

M.P. testified that, while he was sleeping on the couch in his grandparents' living room, he awoke to defendant's fondling him. Defendant also had his mouth on M.P.'s penis. When M.P. moved, defendant attempted to put his penis in M.P.'s mouth. Defendant does not dispute that evidence of his act with M.P. was admissible under MCL 768.27a. Rather, he argues that the circuit court should have excluded the evidence under MRE 403 because the act occurred 22 years before the charged offenses, did not result in a conviction, lacked corroboration, involved oral sex, and occurred when M.P.'s grandparents were within hearing distance.

We conclude that the circuit court did not abuse its discretion in admitting evidence of defendant's other act with M.P. The evidence was necessary as there were no witnesses to the charged acts. The other acts evidence was probative because it raised an inference of defendant's propensity to commit the charged crimes. *Watkins*, 491 Mich at 491. Additionally,

although there were some differences, there was some similarity in the circumstances of the two acts. At the time of the acts, the victim and M.P. were teenage boys who did work for defendant, and the acts occurred at unexpected times when defendant got them alone. Under these circumstances, the circuit court's decision that the probative value of the other acts evidence was not substantially outweighed by the danger of unfair prejudice did not fall outside the range of reasonable and principled outcomes. *Unger*, 278 Mich App at 217.

Defendant also argues that the circuit court erred when it changed its pretrial order and allowed the prosecutor to change what act between defendant and M.P.—from one on a boat to one that occurred in house—was presented to the jury.[1] We disagree. The record indicates that there was no change regarding the act that defendant performed. Consistent with the prosecutor's notice of intent, M.P. testified that defendant stuck his mouth on M.P.'s penis and then attempted to put his penis into M.P.'s mouth. Only the location of the act changed. Defendant claimed that the change in the act's location could affect the witnesses that he called, the questions that he asked other witnesses, and his trial strategy. But, defendant did not raise any specific claim of prejudice, i.e., he never claimed that his witnesses could not also counter an incident that occurred in a house. Defendant also refused any adjournment, which would have given him time to adjust his strategy for the change in location.[2] Under these circumstances, the circuit court's decision to allow the admission of evidence of defendant's other act with M.P. did not fall outside the range of reasonable and principled outcomes. *Id*.

In reaching this conclusion, we note that five defense witnesses testified that they worked for defendant when they were teenagers and that they had gone on fishing trips with him. Each testified that defendant never inappropriately touched him. Defendant makes no claim that because of the change in the alleged act's location, he would have proceeded differently, such as not calling these witnesses or calling different witnesses.

D.K. testified that, about 15 minutes after he and defendant set up their fishing poles on a dock and while they were sitting in defendant's vehicle, defendant pulled down his pants and underwear and masturbated. Defendant invited D.K. to join him in masturbating. Defendant

---

[1] We reject plaintiff's argument that, because M.P.'s testimony reflected the information that was provided in the prosecutor's notice of intent and the circuit court's pretrial order made no reference to the location of the act, there was no change to the circuit court's order. Pursuant to the circuit court's order, the circuit court denied defendant's motion to exclude the other acts evidence for the reasons stated on the record. At the pretrial hearing, the prosecutor told the circuit court that the other act occurred on a boat, and this fact played a role in the circuit court's decision to admit evidence of defendant's other act with M.P. By M.P. testifying that the act occurred in a house, and not on a boat, there was a change to the evidence which had been presented to and ruled admissible by the circuit court.

[2] Because defendant refused the circuit court's offer to adjourn trial, defendant is precluded from arguing that nothing short of a "complete adjournment" could have cured any prejudice. A "[d]efendant may not assign error on appeal to something that his own counsel deemed proper at trial." *People v Barclay*, 208 Mich App 670, 673; 528 NW2d 842 (1995).

does not dispute that this conduct constitutes accosting a minor for an immoral purpose, MCL 750.145a, which is a listed offense for purposes of MCL 768.27a, see MCL 28.722(j), (u)(*i*). Rather, defendant argues that the circuit court should have excluded evidence of this other act with D.K. under MRE 403 because it occurred 10 years after the charged offenses and it was dissimilar from the charged offenses.

We conclude that the circuit court did not abuse its discretion in admitting evidence of defendant's other act with D.K. Because there were no witnesses to the charged acts, there was a need for the evidence. And, because defendant had previously been convicted of accosting a minor for an immoral purpose, D.K.'s testimony was reliable. The evidence of the other act was probative because of the inference it gave for defendant's propensity to commit the charged acts. See *Watkins*, 491 Mich at 491. Additionally, while there was dissimilarity in defendant's sexual acts, there was similarity in the circumstances of the acts. See *id.* At the time of the acts, the victim and D.K. were teenage boys. The acts occurred after defendant had orchestrated a situation where he could be alone with the victim and D.K. Under these circumstances, the circuit court's decision that the probative value of the other acts evidence was not substantially outweighed by the danger of unfair prejudice did not fall outside the range of reasonable and principled outcomes. *Unger*, 278 Mich App at 217.

Defendant also argues that because the circuit court only allowed the prosecutor to present evidence of the act between him and D.K. that constituted accosting a child for an immoral purpose, the circuit court erred in admitting his statements to Deputy Travis Bernatche. According to defendant, the statements were inadmissible because although he admitted to masturbating in front of D.K., he denied accosting D.K. MCL 750.145a provides:

> A person who accosts, entices, or solicits a child less than 16 years of age . . . with the intent to induce or force that child . . . to commit an immoral act, to submit to an act of sexual intercourse or an act of gross indecency, or to any other act of depravity or delinquency, or who encourages a child less than 16 years of age . . . to engage in any of those acts is guilty of a felony . . . .

Defendant admitted to Bernatche that he masturbated in front of D.K. In addition, when Bernatche asked if he was showing D.K. how to do it, defendant said "yeah," "more or less." We agree with the circuit court that these admissions by defendant were evidence that defendant accosted D.K. for an immoral purpose. A defendant is guilty of accosting a minor for an immoral purpose if the defendant "encourages" a child to commit a proscribed act. MCL 750.145a; *People v Kowalski*, 489 Mich 488, 498-499; 803 NW2d 200 (2011). The word "encourage" is defined as "to inspire with courage, spirit, or confidence, . . . to stimulate by guidance, approval, . . . to promote; foster." *Id*. at 500, quoting *Random House Webster's Collegiate Dictionary* (2001). By showing D.K. how to masturbate, defendant encouraged or attempted to inspire or guide D.K. to engage in the same act. And, by masturbating in front of defendant, D.K. would commit an immoral act, an act of gross indecency, or an act of depravity or delinquency. The circuit court did not abuse its discretion in admitting defendant's statement to Bernatche. *Unger*, 278 Mich App at 216-217.

Additionally, defendant argues that the circuit court erred in failing to dismiss the case after D.K. started to testify about a "second incident," which was in violation of the circuit

court's order that the prosecutor could only present evidence of one act between defendant and D.K. We review a trial court's decision on a motion for a mistrial for an abuse of discretion. *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010).[3]

A mistrial should be granted only for an irregularity that is so prejudicial to the rights of the defendant that it impairs his ability to get a fair trial and the prejudicial effect can be removed in any other way. *Id.*; *People v Horn*, 279 Mich App 31, 36; 755 NW2d 212 (2008). Any prejudice to defendant from D.K.'s reference that there was a "second incident" was minimal. Because defendant immediately objected, the jury did not hear any details about what occurred during the incident. The circuit court then instructed the jury that it was not to consider D.K.'s reference to a "second incident." Instructions are presumed to cure most errors, and a jury is presumed to follow its instructions. *Unger*, 278 Mich App at 235. Where the improper testimony was a brief reference to a "second incident" and any prejudice from the testimony was minimal, the circuit court's decision to deny the mistrial motion did not fall outside the range of reasonable and principled outcomes. *Id.* at 217.

## V. PROSECUTORIAL MISCONDUCT

Defendant argues that numerous acts of prosecutorial misconduct denied him a fair trial. "In order to preserve an issue of prosecutorial misconduct, a defendant must contemporaneously object and request a curative instruction." *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010)). Most of defendant's claims of prosecutorial misconduct are unpreserved, either because defendant did not object to the alleged improper conduct or because defendant's objection was not based on prosecutorial misconduct. See *People v Stimage*, 202 Mich App 28, 30; 507 NW2d 778 (1993) ("An objection based on one ground at trial is insufficient to preserve an appellate attack based on a different ground."). We review de novo preserved claims of prosecutorial misconduct in context to determine whether a defendant was denied a fair and impartial trial. *People v Fyda*, 288 Mich App 446, 460; 793 NW2d 712 (2010). Unpreserved claims of prosecutorial misconduct are reviewed for plain error affecting the defendant's substantial rights. *People v Ackerman*, 257 Mich App 434, 448; 669 NW2d 818 (2003). A plain error affects a defendant's substantial rights when it affects the outcome of the proceedings. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Defendant claims that the prosecutor committed misconduct because the prosecutor failed to give him a copy of the information that included the CSC-3 charge at the pretrial conference. As discussed in Section I, *supra*, the record supports a finding that defendant was provided a copy of the information that included the added CSC-3 charge at the pretrial conference. Accordingly, defendant fails to establish that the prosecutor did not give him a copy of the information with the CSC-3 charge, as required by Administrative Order 2012-01J.

---

[3] We reject plaintiff's argument that the circuit court's order did not preclude testimony by D.K. about a second incident as plaintiff "conceded" before the circuit court that it would not introduce evidence about the second incident. In general, a party may not take a position on appeal that is contrary to the position that the party took before the trial court. See *Braverman v Granger*, 303 Mich App 587, 608; 844 NW2d 485 (2014).

Next, defendant claims that the prosecutor committed misconduct because the prosecutor never intended to comply with the circuit court's pretrial order that only allowed him to present evidence of an act that occurred between defendant and M.P. on a boat. The prosecutor sought to introduce evidence of defendant's act where defendant put his mouth on M.P.'s penis and then attempted to put his penis in M.P.'s mouth. The circuit court held that evidence of this act was admissible under MCL 768.27a, and, at trial, the prosecutor presented evidence of this act. Contrary to defendant's argument, the prosecutor did not present evidence of a different act from the act the circuit court held was admissible. Only the location of the act had changed. There is no indication on the record that the prosecutor intentionally misrepresented at the pretrial hearing that the act occurred on a boat in order to trick defendant or gain a tactical advantage. We conclude that there was no prosecutorial misconduct.

Defendant also claims that prosecutorial misconduct resulted in D.K.'s mentioning that there was a "second incident" with defendant. According to defendant, the prosecutor either neglected his duty to inform D.K. about the circuit court's order that D.K. could only testify about one incident or intentionally tried to circumvent the court's order. A prosecutor is entitled to attempt to introduce evidence that he legitimately believes will be accepted by the trial court. *People v Noble*, 238 Mich App 647, 660-661; 608 NW2d 123 (1999). Consistent with the prosecutor's concession that the prosecutor would not seek to introduce evidence about the second act between defendant and D.K., the circuit court ruled that the prosecutor was only allowed to introduce evidence of the incident where defendant masturbated in front of D.K. and invited D.K. to join. On the first day of trial, the circuit court reiterated that it was only allowing evidence of one of defendant's acts with D.K. Accordingly, the prosecutor could not legitimately believe that evidence about a second incident would be admissible. But the prosecutor did not intentionally elicit testimony by D.K. about the second incident. The prosecutor asked D.K. to testify about a "specific time" when something happened between him and defendant. D.K. then testified about the occasion where defendant masturbated and asked him to join and then immediately started to testify about a second incident. It was D.K., not the prosecutor, who brought up any information regarding the second incident. Regarding defendant's claim that the prosecutor failed to inform D.K. about the permissible scope of his testimony, the record is silent regarding what the prosecutor told D.K. before D.K. testified. An appellant bears the burden of providing a record to verify the factual basis of any argument upon which reversal is predicated. *People v Elston*, 462 Mich 751, 762; 614 NW2d 595 (2000). The record does not establish misconduct by the prosecutor amounting to plain error.

Defendant claims that the prosecutor committed misconduct when in closing argument, he made "out of context" references to his act of masturbation. When reading the prosecutor's remarks in context, *Ackerman*, 257 Mich App at 452, we believe the prosecutor was arguing the credibility of witnesses and the defense theory of the case. "A prosecutor is afforded great latitude regarding his or her arguments and conduct at trial." *Fyda*, 288 Mich App at 461. Further, a prosecutor may properly comment on evidence admitted in the case as it relates to the credibility of witnesses and the theories of the parties. *People v Thomas*, 260 Mich App 450, 455; 678 NW2d 631 (2004); *Ackerman*, 257 Mich App at 443-454. Thus, the prosecutor's remarks were not improper and certainly not plain error. *Ackerman*, 257 Mich App at 448.

Moreover, even if improper, the prosecutor's remarks did not affect defendant's substantial rights. *Id.* Defendant not only admitted that he masturbated in front of D.K., he also

-9-

admitted that he was showing D.K. how to masturbate. As discussed in Section V, *supra*, these admissions were evidence that defendant accosted D.K. for an immoral purpose. Where defendant's admissions showed that he committed a listed offense against a minor, the prosecutor's argument, in which the prosecutor focused on only one of the admissions, did not affect the outcome of the proceedings. *Carines*, 460 Mich at 763.

Defendant argues that the prosecutor improperly told the jury that defendant would not call any person he molested as a witness. On appeal, defendant recognizes that the circuit court sustained his objection to the remark, but nonetheless claims that the remark was "clear reversible error." We disagree. The prosecutor's remark was isolated, and although the circuit court believed that it was "somewhat denigrating . . . and inappropriate," the remark was not overly prejudicial. Indeed, the trial court's instructions regarding the presumption of innocence, burden of proof, and that attorney comments are not evidence would have cured any possible prejudice. *Unger*, 278 Mich App at 235.

Defendant's remaining claims of prosecutorial misconduct are abandoned as defendant cites no authority in support of the claims. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998).

## VI. DIRECTED VERDICT

Defendant claims that the circuit court erred in denying his motion for a directed verdict. In reviewing this argument, we view the record de novo to determine whether the evidence viewed in the light most favorable to the prosecution could persuade a rational trier of fact that the essential elements of the charged crimes were proved beyond a reasonable doubt. *People v Parker*, 288 Mich App 500, 504; 795 NW2d 596 (2010).

A defendant is guilty of CSC-3 if the defendant engages in sexual penetration with another person and the other person is at least 13 but under 16 years of age. MCL 750.520d(1)(a). A defendant is guilty of CSC-4 if the defendant engages in sexual contact with another person, the other person is at least 13 years of age and under 16 years of age, and the defendant is five or more years older than the other person. MCL 750.520e(1)(a). The testimony of a criminal sexual conduct victim need not be corroborated. MCL 750.520h.

Defendant does not claim that the victim's testimony failed to establish any of the elements of CSC-3 or CSC-4. Rather, defendant argues that the victim was not a credible witness. But reviewing the sufficiency of evidence, the credibility of witnesses and the weight accorded to evidence are questions for the jury to resolve. *People v Harrison*, 283 Mich App 374, 378; 768 NW2d 98 (2009). Moreover, "any conflict in the evidence must be resolved in the prosecutor's favor." *Id*. Accordingly, we reject defendant's argument that he was entitled to a directed verdict because the victim was not a credible witness.

Defendant also argues that he was entitled to a directed verdict because the victim provided inconsistent testimony regarding when the motor home incident occurred; therefore, the prosecution failed to present evidence that the incident occurred within the limitations period.

The victim made his police report in March 2004. When asked how much time passed between the incident in the motor home and the police report, the victim testified that he made the police report "within a couple weeks" of the incident.[4] On cross-examination, the victim acknowledged that he testified at the preliminary examination that the incident in the motor home occurred in the six months before the police report and that the incident occurred "ten-plus years, ten years or so" before the preliminary examination. He admitted that he could not give a specific date for the incident. On redirect examination, the victim testified that his recollection regarding when the motor home incident took place was probably better at the time he made the police report. After reviewing the police report, the victim testified that he told the officer that the incident in the motor home occurred a month before the report. Additionally, the victim testified that he recalled testifying at the preliminary examination that the incident occurred a few weeks before the police report, and he stood by this testimony. Although the victim acknowledged that he testified at the preliminary examination that he believed he was wearing shorts and a t-shirt at the time of the motor home incident, which may suggest that the motor home incident did not occur in February 2004, it was for the jury, and not this Court, to decide the weight to be given the acknowledgement. *Harrison*, 283 Mich App at 378. When the victim's testimony is viewed in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found beyond a reasonable doubt that the CSC-3 and CSC-4 offenses occurred after October 3, 2003, placing the incident within the 10-year limitations period. *Parker*, 288 Mich App at 503. The circuit court did not err in denying defendant's motion for a directed verdict.[5]

## VII. GREAT WEIGHT OF THE EVIDENCE

Defendant argues that the jury's verdict was against the great weight of the evidence. We review this unpreserved claim of error for plain error affecting defendant's substantial rights. *People v Musser*, 259 Mich App 215, 218; 673 NW2d 800 (2003).

A verdict is against the great weight of the evidence when the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand. *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009). A verdict may only be vacated when the evidence does not reasonably support it and it was more likely the result of causes outside the record, such as passion, prejudice, sympathy, or another extraneous influence. *Id.* Conflicting evidence and issues of witness credibility are generally insufficient grounds to grant a new trial. *Unger*, 278 Mich App at 232. In this case, the evidence reasonably supported

---

[4] Contrary to defendant's claim, the prosecutor's question which elicited this testimony was not a leading question.

[5] Because there was sufficient evidence for the jury to find that the charged offenses occurred within the 10-year limitations period, we need not address defendant's claim that the testimony at the preliminary examination failed to establish probable cause that the charged offenses occurred within the limitations period. A district court's erroneous conclusion that sufficient evidence was presented at the preliminary examination to bind the defendant over for trial is rendered harmless by the presentation at trial of sufficient evidence to convict. *People v Libbett*, 251 Mich App 353, 357; 650 NW2d 407 (2002).

the jury's verdict. The victim testified that a few weeks before he reported the incident in 2004, defendant placed his hand down the victim's pants, felt the victim's penis, and put his finger inside the victim's anus. Nothing in the record indicates that the verdict was likely the result of causes outside the record or that it was against the great weight of the evidence.

## VIII. DOUBLE JEOPARDY

Defendant argues that he could not be convicted of CSC-3 and CSC-4 for acts arising out of the same incident. "A double jeopardy challenge presents a question of constitutional law that this Court reviews de novo." *People v Nutt*, 469 Mich 565, 573; 677 NW2d 1 (2004).

The constitutional protections against double jeopardy, US Const, Am V; Const 1963, art 1, § 15, protect against multiple punishments for the same offense. *People v Garland*, 286 Mich App 1, 4; 777 NW2d 732 (2009). To determine whether a defendant has been subjected to multiple punishments for the same offense, this Court first looks to determine whether the Legislature expressed a clear intention that multiple punishments be imposed. *Id.* If the Legislature has not clearly expressed such an intention, the elements of the offenses must be compared using the test articulated in *Blockburger v United States*, 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932). Under the *Blockburger* test, there is no violation of double jeopardy if each offense requires proof of a fact which the other does not. *Garland*, 286 Mich App at 5.

An element of CSC-3 is "sexual penetration," MCL 750.520d(1), while an element of CSC-4 is "sexual contact," MCL 750.520e(1). Thus, the offenses of CSC-3 and CSC-4 each require proof of a fact that the other does not. See *People v Duenaz*, 306 Mich App 85, 106-107; 854 NW2d 531 (2014). Therefore, convictions for CSC-3 and CSC-4 which are based on the same conduct do not violate a defendant's protection against double jeopardy. Additionally, although arising from the same incident, defendant's convictions for CSC-3 and CSC-4 were not based on the same conduct. The CSC-4 conviction was based on defendant's act of touching the victim's penis, while the CSC-3 conviction was based on defendant's act of digitally penetrating the victim's anus. The convictions of CSC-3 and CSC-4 do not violate defendant's protection against double jeopardy. Defendant's argument based on double jeopardy is without merit.

## IX. SENTENCING

Defendant argues that the circuit court erred in scoring offense variables (OV) 4 & 10, and prior record variable (PRV) 7. A trial court's factual determinations made in scoring the sentencing guidelines are reviewed for clear error and the determinations must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are sufficient to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation," which we review de novo. *Id.* A trial court may consider all record evidence before it when calculating the guidelines. *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012).

Defendant claims that the circuit court erred in scoring 10 points for OV 4. According to defendant, because the victim did not seek professional treatment in the 10 years since the crimes occurred, there was no evidence that the victim suffered severe psychological injury. OV 4 addresses psychological injury to a victim. MCL 777.34(1). It is to be scored at 10 points if

"[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). A trial court properly assesses 10 points for OV 4 if the serious psychological injury may require professional treatment. MCL 777.34(2). The fact that the victim did not seek professional treatment is not conclusive regarding whether points should be assessed. *Id.*; *People v Lockett*, 295 Mich App 165, 183; 814 NW2d 295 (2012). A trial court may score 10 points for OV 4 "if the victim suffers, among other possible psychological effects, personality changes, anger, fright, or feelings of being hurt, unsafe, or violated." *People v Armstrong*, 305 Mich App 230, 247; 851 NW2d 856 (2014). A 10-point score for OV 4 may be proper based in part on the trial court's observations of the victim. See *Waclawski*, 286 Mich App at 681.

The circuit court did not clearly err in scoring 10 points for OV 4. The circuit court observed the victim's demeanor when he testified and saw him become so emotional that he needed to take a break. There was evidence that the victim refused his mother's suggestion that he seek professional treatment, that he switched schools after making the police report in order to avoid seeing defendant, and that he had spent years trying to forget what defendant had done to him. Under these circumstances, we are not left with a definite and firm conviction that the circuit court made a mistake in finding that the victim suffered serious psychological injury requiring professional treatment. *Bylsma*, 493 Mich at 26. We affirm the 10-point score.

Defendant also claims that the circuit court erred in scoring 10 points for OV 10, which addresses the exploitation of a vulnerable victim. MCL 777.40(1). Points may only be scored if it is readily apparent that a victim was "vulnerable," meaning that the victim was readily susceptible to injury, physical restraint, persuasion, or temptation. MCL 777.40(3)(c); *People v Cannon*, 481 Mich 152, 158; 749 NW2d 257 (2008). In addition, points may only be scored if the offender exploited a victim's vulnerability, meaning that manipulated the victim for selfish or unethical purposes. *Id*. at 159; MCL 777.40(3)(b). Ten points may be scored for OV 10 if "[t]he offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status." MCL 777.40(1)(b). " 'Abuse of authority status' means a victim was exploited out of fear or deference to an authority figure, including, but not limited to, a parent, physician, or teacher." MCL 777.40(3)(d).

The circuit court did not clearly err in scoring OV 10 at 10 points. The victim testified that when he was 15 years old, he worked for defendant. Defendant was 44 years older than the victim and was in a position of authority: he was the victim's employer. According to the victim, defendant paid him to clean the motor home. When the victim was in the motor home alone, defendant came in and committed the charged crimes. Under these circumstances, we are not left with a definite and firm conviction that the circuit court made a mistake when it found that defendant exploited the victim's vulnerability by abusing his authority status. *Bylsma*, 493 Mich at 26. We affirm the 10-point score for OV 10.

Defendant next argues that the circuit court erred in scoring 20 points for PRV 7 because aggravated indecent exposure, MCL 750.335a(2)(b), one of his two subsequent convictions, is a misdemeanor. PRV 7 requires a score of 20 points if "[t]he offender has 2 or more subsequent or concurrent convictions[.]" MCL 777.57(1)(a).

The term "felony" is not defined in the legislative sentencing guidelines, MCL 777.1 *et seq.* However, the sentencing guidelines are part of the Code of Criminal Procedure, MCL 760.1

-13-

*et seq.*, which defines the term "felony" as "a violation of a penal law of this state for which the offender, upon conviction, may be punished by death or by imprisonment for more than 1 year or an offense expressly designated by law to be a felony." MCL 761.1(g). The definitions contained in the Code of Criminal Procedure apply to the statutes in that code. *People v Smith*, 423 Mich 427, 444; 378 NW2d 384 (1985). Because the offense of aggravated indecent exposure is "punishable by imprisonment for not more than 2 years," MCL 750.335a(2)(b), it is a "felony" for purposes of OV 7. The circuit court did not err in using defendant's conviction for aggravated indecent exposure to score PRV 7, and we affirm the 20-point score.

## X. CUMULATIVE ERROR

Defendant argues that the cumulative effect of the errors that occurred over the course of the proceedings denied him a fair trial. "[T]he cumulative effect of several errors can constitute sufficient prejudice to warrant reversal where the prejudice of any one error would not." *People v LeBlanc*, 465 Mich 575, 591; 640 NW2d 246 (2002). But only actual errors are aggregated to determine their cumulative effect. *Id.*, n 12.

There were no errors to aggregate here. As discussed, the prosecutor's improper comment regarding whether defendant would call anyone he had molested as a witness was promptly cured by the trial court's ruling and subsequent jury instructions. Instructions are presumed to cure most errors, and a jury is presumed to follow its instructions. *Unger*, 278 Mich App at 235. Consequently, there can be no cumulative effect of unfair prejudice that undermines the reliability of the verdict. *People v Dobek*, 274 Mich App 58, 94; 732 NW2d 546 (2007). Defendant is not entitled to a new trial based on cumulative effect of the errors.

We affirm.

/s/ Mark T. Boonstra
/s/ William B. Murphy
/s/ Jane E. Markey